RICHCREEK, ADMR., APPELLEE, *v.* CLARK ET AL., APPELLANTS.

(Decided December 29, 1939.)

*Mr. Harold E. Hunt,* for appellee.
*Messrs. Pomerene & Burns,* for appellants.
*Messrs. Wheeler & Ely,* for Frank Webb.

SHERICK, P. J. This appeal grows out of an administrator's proceedings in the Probate Court to sell

land for the payment of debts. It presents but one question of law, which was therein resolved in plaintiff's favor. The cause was appealed to the Common Pleas Court which affirmed the order complained of.

On December 19, 1938, the Probate Court found it necessary that the lands be sold and issued an order of sale thereon directing that the sale be held on February 10, 1939, at 1:30 p. m. On January 16th, the notice of sale was first published. The advertisement was republished for three successive weeks thereafter, and the property sold at public sale on the day designated for more than two-thirds of its appraised value to one Frank Webb, who has been made a party to this proceeding.

On February 14th, the sale was confirmed and deed ordered. Webb paid the purchase price and received his deed. Thereafter, defendant distributees filed exceptions to the sale and confirmation upon the ground that the entry of confirmation had not been presented to them for approval, and on the further ground that the full time of 28 days had not elapsed between the dates of the first advertisement and day of sale. The last ground of objection is conceded to be the only question for this court to solve, which is "whether or not Section 10510-38 of the General Code, requires that twenty-eight days must elapse between the date of the publication of the first advertisement of a fiduciary's sale of real estate and the date of sale?" The statute involved reads as follows:

"If the sale is to be public, the executor, administrator or guardian must give notice of the time and place of such sale by advertisement, at least four weeks successively in some newspaper printed in the county where the lands are situated."

The words "at least four weeks successively," is that portion of the statute upon which the arguments pro and con are based. We are told that these words

have never been interpreted and construed by an Ohio court. Our search has been more profitable.

In 1816 the Legislature of Ohio first enacted how land sales should be advertised by personal representatives of deceased persons. This act, found in 14 Ohio Laws, 141, at page 157, reads, in part, "at least six weeks successively." This section was under the court's scrutiny in *Lessee of Stall* v. *Macalester*, 9 Ohio, 19 at page 23.

The question involved in the *Stall case* pertained to the exclusion of evidence offered to prove that the advertisement had only been made for four weeks instead of six. The court held the evidence was properly excluded, and said in part:

"The object in requiring this notice undoubtedly was, that there might be competition at the sale, and the best possible price secured for the land. * * * But if it be indispensably necessary to the validity of the title of a purchaser at guardian's sale, that strict legal notice shall have been given of such sale, then the evidence offered by the plaintiff should have been received. * * * But the question is as to the effect of such failure upon the title of an individual who has, in good faith, purchased at the sale, and received a deed consequent upon such purchase.

"* * * sound policy dictates that such sales should be sustained as far as they can be consistently with the principles of law. Every inducement should be held forth to encourage purchasers to give the full value of what they buy. And nothing can have a stronger tendency to this effect, than to sustain sales, notwithstanding trifling irregularities."

Further comments within this opinion may be read with profit. We do not find that the Supreme Court has ever modified or distinguished its conclusion therein reached, which remains the law of this state.

Inasmuch as the distributees of the estate permitted

the sale to be made, when it was clearly apparent from the advertisement that the sale would take place on the twenty-fourth day after publication of the first notice, and inasmuch as Webb was permitted to bid, purchase and pay for the property and receive his deed; and the fact that it is not claimed or shown by any evidence or argument that fraud intervened or that the estate suffered any loss thereby, the rule of the *Stall case, supra,* must be followed and the orders and judgment complained of be affirmed, which is done accordingly.

*Judgment affirmed.*

LEMERT and MONTGOMERY, JJ., concur.